Compiler of Law
(495)

FILED
SUPERIOR COURT
OF GUAM

MAY 13 PM 4:39

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM<br><br>v.<br><br>BENJAMIN AGUERO SONGO,<br><br>Defendant. | CRIMINAL CASE NO. CF 0691-11<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 16th day of October, 2013, for hearing on the Government's Motion to Rescind Plea. Assistant Attorney General Lisa Lorig represented the Government, and Assistant Public Defender Lori Long represented the Defendant. For the reasons set forth below, the Government's Motion to Rescind Plea is denied.

### DISCUSSION

The Defendant pled guilty to second degree criminal sexual conduct. The terms of the plea agreement provide, in relevant part:

5. The Attorney General and the Defendant, in consideration for the Defendant's plea of guilty and cooperation, agree to the following:
a. To recommend sentence of three (3) to ten (10) years imprisonment, at the Department of Corrections, with credit for time served. The People and the Defendant are free to argue for a sentence within that range;

At sentencing, the Government argued for a sentence of three years of imprisonment, and defense counsel urged the Court to sentence the Defendant to three years and to suspend the imposition of the sentence pursuant to 9 GCA § 80.10(a). The Government objected, claiming that the terms of the plea agreement prohibited the defense from requesting suspension of the sentence. The Government claimed that it had not intended for a suspended sentence to be a sentencing option, and moved for the rescission of the plea agreement. The Court ordered briefing on the matter, and the parties have submitted briefs and argued their positions before the Court.

As the Government acknowledges, the Court has statutory authority to impose a sentence less than that provided for by a plea agreement. This is clear from *People v. Superior Court (Chiguina)*, 2003 Guam 11 ¶ 9, interpreting 8 GCA § 60.80(c), and also from 9 GCA § 80.22, which gives the Court tremendously broad authority to reduce criminal punishments.

The Government nevertheless attempts to argue that the Defense "tainted" the Court's discretion and "improperly planted seeds" suggesting that the Court impose a suspended sentence. This is not the case. On the contrary, the Court has at all times been keenly aware of its broad discretion to make downward departures from suggested sentences and even to suspend mandatory minimum sentences, and it frequently exercises that discretion. This Court routinely considers suspended sentences at the sentencing phases of criminal matters, and would have done so in this case even if the Defense had not argued for a suspended sentence. The Court gives due weight to the arguments of the parties at sentencing and values the recommendations made by both the Government and the Defense, but it is not ignorant of the bounds of its sentencing discretion or dependent on the parties to illuminate those bounds, as the Government seems to fear.

The legal landscape upon which the plea agreement stands is crucial and dispositive. The parties could not, by agreement, negate the statutes empowering the Court to impose a disposition more favorable to the Defendant than that provided by the plea agreement. Any contractual term limiting the Court's discretion to impose a lesser sentence would be void as contrary to the public policy clearly articulated in the statutory scheme governing sentencing. Accordingly, the Court cannot conclude that the Defendant's arguments at sentencing were improper.

Because the dispositive law is statutory, this is not a case of mutual mistake. If anything, the Government was unilaterally mistaken as to the effect of the statutory scheme. The Court also rejects the Government's contention that the Defense's silence on the question of a suspended sentence during negotiation of the plea agreement implicates the implied covenant of good faith and fair dealing. In light of the statutory scheme empowering the Court to impose suspended sentences without regard to the agreement of the parties, the Defense was entitled to assume that the Government would be prepared for the Defense to request a suspended sentence. The plea agreement was duly executed and accepted by the Court. The Court finds no grounds for rescission here. The Government's motion is therefore denied.

In light of the Court's disposition of the motion on purely legal grounds, the Court denies the Government's request for an evidentiary hearing.

/ / /

/ /

/

## CONCLUSION

For the reasons set forth above, the Government's Motion to Rescind Plea is **DENIED**.

The Defendant will be sentenced on <u>December 18, 2013 at 2:00 pm</u>.

**IT IS SO ORDERED:** NOV 1 3 2013

Original Signed By
ARTHUR BARCINAS

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a
full true and correct copy of the original on
file in the office of the clerk of the Superior
Court of Guam
Dated at Hagåtña, Guam

NOV 1 3 2013

Joseph ... austo
Deputy Clerk, Superior Court of Guam